UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>      Petitioner,<br>vs.<br><br>KERN COUNTY SUPERIOR COURT,<br>et al.,<br><br><br><br>      Respondents. | ) 1:06-cv-00347-OWW-TAG HC<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) TO DISMISS PETITION (Docs. 1 & 3).<br>)<br>) ORDER REQUIRING OBJECTIONS TO BE<br>) FILED WITHIN TWENTY DAYS<br>)<br>)<br>)<br>)<br>)<br>) |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On February 24, 2006, Petitioner filed the original petition in the United States District Court for the Central District of California. (Doc. 1-2). On February 28, 2006, the case was transferred to this Court. (Doc. 1-6). That petition was filed while Petitioner was in Kern County Jail awaiting trial on charges that relate to an allegation that he made threats against individuals and was in possession of arson materials with the intent to make a "Molotov cocktail." (Doc. 1-2, p. 11-12). The grounds for the original petition are set forth in a rambling, disjointed and virtually incomprehensible paragraph in which Petitioner makes at least the following claims: (1) factual innocence of the charges against him; (2) violations of state law in charging him with multiple crimes arising out of a single factual nexus; (3) conflict of interest with his appointed trial attorney; and (4) his life has been endangered by detaining him in a facility with gang members. (Doc. 1-2). The original petition attached two exhibits, including a

1

January 2006 police report and a January 2006 fire department crime report. (Doc. 1-2, pp. 11-15). On April 6, 2006, Petitioner filed the instant amended petition. (Doc. 3). That amended petition references the January 2006 police report as well as the claims contained in the original petition, but fails to list any grounds in that section of the form petition reserved for listing the petitioner's grounds for relief. (Doc. 3 at pp. 3, 6).

Construing Petitioner's claims liberally, it thus appears to the Court that Petitioner did not intend to file the amended petition as an amended petition, but rather as a supplement to the original petition, since the amended petition contains no grounds for relief, but merely lists additional information about his situation and attempts to incorporate by reference into the amended petition some of the exhibits and claims contained in the original petition. Accordingly, rather than requiring Petitioner to submit yet another amended petition properly listing his claims on the form, the Court will construe the amended petition as a supplement to the original petition and preliminarily screen both petitions together.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

A federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-45 (1971); Samuels v. Mackell, 401 U.S. 66, 68-69 (1971). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Superior Court, Santa Clara, 883 F.2d 810, 813 (9th Cir.1989). The Younger doctrine stems from the longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts

should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. <u>Younger</u>, 401 U.S. at 46, 53-54 (holding that the cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); <u>Dubinka</u>, 23 F.3d at 225-226.  Nor is federal injunctive relief to be used to test the validity of an arrest or the admissibility of evidence in a state criminal proceeding. <u>Perez v. Ledesma</u>, 401 U.S. 82, 83-85 (1971).

      The Ninth Circuit follows a three-prong test espoused by the Supreme Court to determine whether abstention under the <u>Younger</u> doctrine is appropriate. <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex County Ethics Comm.</u>, 457 U.S. at 432; <u>Delta Dental Plan of California, Inc. v. Mendoza</u>, 139 F.3d 1289, 1294 (9th Cir.1998); <u>Dubinka</u>, 23 F.3d at 223.

      If these three requirements are met, the Court must also consider whether any of the narrow exceptions to the <u>Younger</u> abstention doctrine apply.   The Court need not abstain if the state court proceedings were prosecuted in bad faith or for purposes of harassment, or the statute at issue is "flagrantly and patently violative of express constitutional prohibitions." <u>Dubinka</u>, 23 F.3d at 223-225; <u>Lebbos</u>, 883 F.2d at 816. The extraordinary circumstances exception recognizes that a federal court need not abstain when faced with a statute that is flagrantly unconstitutional in every clause. <u>Dubinka</u>, 23 F.3d at 225.

      The first requirement is satisfied here because the state criminal proceedings related to Petitioner's conviction have not been concluded.   It appears from the Court's review of the California Courts' electronic database that, subsequent to the filing of the original petition, Petitioner was in fact convicted on the charge of possession of arson materials and sentenced to a term of four years in state prison. It also appears that the notice of appeal in Petitioner's direct appeal from his conviction was filed on March 27, 2007, and that Petitioner filed his Opening Brief on appeal on November 20, 2007.  Respondent's brief is due on December 20, 2007.  Once the case has been fully briefed, the state Court of Appeal will issue an opinion in the case.

///

At that point, Petitioner would have further remedies on direct appeal in the California Supreme Court. In other words, Petitioner's direct appeal is pending and is far from being concluded.

The second requirement is satisfied because an important state interest, that of not having the federal courts interfere in state criminal proceedings by precluding a prosecution, is at issue here. See Dubinka, 23 F.3d at 223. The Court is loathe to insert itself into state criminal proceedings absent a compelling reason. Finally, the third requirement is met because Petitioner can address his federal constitutional claims related the alleged conflict of interest with his attorney, his factual innocence, the legality of convicting appellant on multiple charges arising from a single incident, and the legality of his conditions of incarceration, in the state court criminal proceedings that are presently pending.

Cost, anxiety and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention. Younger, 401 U.S. at 46, 53-54. The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-611 (1975); Dubinka, 23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Here, Petitioner is seeking to have the Court intervene in an ongoing state criminal prosecution. This is precisely the type of circumstance to which the Younger doctrine was intended to apply. Petitioner has not established that any exception to Younger abstention is applicable in this case, i.e., that the state court proceedings were prosecuted in bad faith or undertaken for purposes of harassment. Dubinka, 23 F.3d at 223, 225; Lebbos, 883 F.2d at 816. Indeed, as the state criminal proceedings are currently pending, Petitioner can raise those concerns within the context of those state court proceedings.

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the amended petition for writ of habeas corpus (Docs. 1 & 3), be DISMISSED.

///

1   These Findings and Recommendations are submitted to the United States District Judge
2   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3   the Local Rules of Practice for the United States District Court, Eastern District of California.
4   Within twenty (20) days after being served with a copy, any party may file written objections
5   with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
6   to Magistrate Judge's Findings and Recommendations."   The Court will then review the
7   Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
8   failure to file objections within the specified time may waive the right to appeal the District
9   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.
12  Dated:   **December 4, 2007**                              **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE